

**SIGNED this 23rd day of February, 2012.**

_____
LEIF M. CLARK
UNITED STATES BANKRUPTCY JUDGE
_____

# United States Bankruptcy Court
Western District of Texas
San Antonio Division

| *In re* | BANKR. CASE NO. |
|---|---|
| AGATA EWA SHEPPARD | 11-51821 |
| *Debtor* | |
| ELMS HARMON MACCHIA, LLC  *Plaintiff,*  v.  AGATA EWA SHEPPARD  *Defendant.* | ADV. NO. 11-05153 |

**DECISION ON MOTION TO DISMISS**

The law firm Elms Harmon Macchia, LLC ("Plaintiff") filed an adversary complaint against the captioned Debtor ("Defendant") seeking a determination that: 1) a portion of a state court judgment entered against the Defendant (namely sanctions entered against the Defendant by the state court) are non-dischargeable in the Defendant's bankruptcy case pursuant to section

1

523(a)(6); and 2) that Plaintiff's attorney's fees, incurred post-judgment in an effort to collect the state court judgment, are also non-dischargeable under section 523(a)(6).

The Defendant filed a motion to dismiss Plaintiff's claim with respect to the post-judgment attorney's fees only [Docket No. 4]. The Defendant maintains that post-judgment attorney's fees may not be awarded under section 523(a)(6) as a non-dischargeable debt for willful and malicious injury.

The Plaintiff filed a response to Defendant's motion to dismiss [Docket No. 5] asserting that its post-judgment attorney's fees were incurred as a result of the Defendant's willful and malicious conduct following entry of the state court judgment, and thus should be deemed independently non-dischargeable apart from, and in addition to, the allegedly non-dischargeable portion of the state court judgment. For the reasons discussed below, the court will grant the Defendant's motion to dismiss.

*Discussion*

When a bankruptcy court concludes that a particular judgment debt is non-dischargeable, attorneys' fees awarded by the state court under an enforceable contract or state statute in connection with that non-dischargeable debt will also be deemed non-dischargeable. *See Gober v. Terra+Corp. (In re Gober)*, 100 F.3d 1195, 1208 (5th Cir. Tex. 1996) (stating that "the status of ancillary obligations such as attorney's fees and interest depends on that of the primary debt. When the primary debt is nondischargeable due to willful and malicious conduct, the attorney's fees and interest accompanying compensatory damages, including post-judgment interest, are likewise nondischargeable."); *In re Luce*, 960 F.2d 1277, 1285 (5th Cir. Tex. 1992) ("When a bankruptcy court determines that the underlying debt is nondischargeable, then 'attorney's fees awarded by a state court based on state statutory or contractual grounds are [also] nondischargeable.'") (quoting *Klingman v. Levinson (In re Levinson)*, 58 B.R. 831, 837 (Bankr. N.D. Ill. 1986)); *Snook v. Popiel (In re Snook)*, 168 Fed. Appx. 577, 580 (5th Cir. 2006) (unpublished) (concluding that, because the debtor's underlying state court judgment and concomitant award of attorneys' fees had arisen from a "fraudbased debt," the debtor's debt for attorneys' fees was also non-dischargeable).

Here, the Plaintiff's complaint does not state whether any attorneys' fees were awarded by the state court. "Attorney's fees are not recoverable in Texas unless allowed by statute or by contract. Attorney's fees are not recoverable on tort claims." *Windsor Vill., Ltd. v. Stewart Title Ins. Co.*, 2011 Tex. App. LEXIS 1951, at *12-13 (Tex. App.--Houston [14th Dist.] Mar. 17, 2011) (citations omitted). Attorney's fees *are* recoverable on statutory fraud claims, *see* Tex. Bus. & Com. Code § 27.01(e), but, again, the Plaintiff's complaint does not state the grounds for its recovery in the state court suit. Finally, attorney's fees may be awarded in breach of contract actions pursuant to Tex. Civ. Prac. & Rem. Code art. 38.001. But fees awarded in connection with a breach of contract cause of action would be dischargeable in the Defendant's bankruptcy

2

case. *In re Horton*, 85 F.3d 625, 1996 WL 255304, at *5 (5th Cir. May 3, 1996); *Moraine v. Nazarko (In re Nazarko)*, 2008 Bankr. LEXIS 262, 19-22 (Bankr. E.D. Tex. Jan. 31, 2008).

Regardless, whether or not, and on what authority, the state court may have included attorney's fees in the underlying judgment is not central to the issue at hand. The attorney's fees at issue here are not those that may or may not have been incurred prosecuting the state court suit. Rather, the fees at issue here consist of attorneys' fees incurred *post*-judgment in an effort to *collect* the state court judgment. Neither of the above-cited potential statutory grounds for recovery of attorney's fees applies to such fees. *See* TEX. BUS. & COM. CODE § 27.01(e) ("Any person who violates the provisions of this section shall be liable to the person defrauded for reasonable and necessary attorney's fees, expert witness fees, costs for copies of depositions, and costs of court."); TEX. CIV. PRAC. & REM. CODE § 38.001 ("A person may recover reasonable attorney's fees from an individual or corporation, in addition to the amount of a valid claim and costs, if the claim is for: … (8) an oral or written contract.").

Plaintiff's only potential avenue for recovery of post-judgment attorneys' fees is if the contract underlying the state court dispute provides for the recovery of post-judgment attorney's fees. But to be non-dischargeable, such post-judgment fees—not being part of the underlying (facially non-dischargeable) state court judgment—would have to independently satisfy the standards of section 523(a)(6) of the Bankruptcy Code.

In the Fifth Circuit, sanctions awarded for violation of a court order are non-dischargeable under section 523(a)(6). *See Williams v. International Brotherhood of Electrical Workers Local 520*, 337 F.3d 504, 512 (5th Cir. 2003) ("Failure to obey a court order constitutes willful and malicious conduct, and a judgment against a defiant debtor is excepted from discharge."). In *Williams*, the plaintiffs alleged that the debtor had violated the terms of a collective bargaining agreement by hiring non-union contractors. *Id*. at 507. The debtor eventually consented to the entry of an agreed final judgment and decree requiring compliance with the collective bargaining agreement. *Id*. Despite entry of this agreed judgment, the debtor continued to hire non-union contractors in violation of the agreed judgment. *Id*. The district court held the debtor in contempt and determined that, between the time of entry of the agreed judgment and the contempt hearing, the plaintiffs had been deprived of approximately $106,911 in wages and benefits as a result of the debtor's violation of the agreed judgment. *Id*. at 511. The Fifth Circuit affirmed the bankruptcy court's ruling that this debt—*i.e.* the contempt award—was nondischargeable under section 523(a)(6) as arising from willful and malicious conduct. *Id*. at 512. The Court noted the similarity of the Contempt Judgment it was examining to the order addressed by the Bankruptcy Court in *Buffalo Gyn Womenservices, Inc. v. Behn (In re Behn)*, and quoted that court's rationale extensively in support of its own holding:

> '[W]hen a court of the United States . . . issues an injunction or other protective order telling a specific individual what actions will cross the line into injury to

3

others, then damages resulting from an intentional violation of that order as is proven in the Bankruptcy Court or, so long as there was a full and fair opportunity to litigate the question of volition and violation, in the issuing court are ipso facto the result of a 'willful and malicious injury.

This is because what is "just" or "unjust" conduct as between the parties has been defined by the court. . . . An intentional violation of the order is necessarily without 'just cause or excuse' and cannot be viewed as not having the intention to cause the very harm to the protected persons that order was designed to prevent.'

*Id*. at 512. In short, the Court concluded that the violation of a court order is *per se* willful and malicious within the meaning of section 523(a)(6). *Id*. With respect to the initial debt for breach of the collective bargaining agreement, however, the Court affirmed the bankruptcy court's finding that this debt had not been the result of willful and malicious conduct. *Id*. Thus, while the contempt award (of $106,911) was non-dischargeable under section 523(a)(6), the original debt (of $155,855.39) was not. *Id*. at 512-13.

In *Boehm v. Papst (In re Papst)*, the bankruptcy court for the Western District of Texas interpreted the *Williams* decision as follows:

This court reads … the analysis by the Court in *Williams* … as a conclusion that where there is an order of a court finding a debtor in contempt for violating an earlier court order, for purposes of establishing a willful and malicious injury under § 523(a)(6), it is conclusively presumed or established by that contempt order that (1) the debtor's conduct caused an injury to the other party, and (2) that the sanctions awarded are a 'debt . . . for [that] injury. . . .' In other words, a debt arising as a result of a violation of a court order does not require proof of an injury beyond showing that the court order was knowingly violated, and neither the existence of an injury nor the amount (or reasonableness) of damages from an injury need be established beyond showing that the court imposed sanctions on the debtor for the violation.

2007 Bankr. LEXIS 291, at *17-18 (Bankr. W.D. Tex. Jan. 29, 2007).

Here, the Plaintiff's complaint does not allege that the Defendant was sanctioned by the court post-judgment. Thus, the Defendant does not owe the Plaintiff any debt *for violation of a court order*. While portions of the underlying state court judgment might represent such a debt, the Plaintiff's post-judgment attorney's fees do not represent a *debt* of the Defendant for willful and malicious injury. Although sanctions awarded by the court would be non-dischargeable under section 523(a)(6) (pursuant to the above-described precedent), here, no such post-judgment debt actually exists.

Furthermore, Plaintiff's complaint contains no allegations that the parties even entered into a contract that provided for the recovery of post-judgment attorneys' fees. Only Plaintiffs' Response to Defendant's Motion to Dismiss contains such allegations. "Allegations contained in a response to a motion to dismiss are not appropriately considered in a Rule 12(b)(6) motion, which evaluates the sufficiency of the complaint itself and does not consider allegations not contained in the pleadings." *Coach, Inc. v. Angela's Boutique*, 2011 U.S. Dist. LEXIS 71922, at*4 (S.D. Tex. July 5, 2011); *see also Boone v. Patel*, 2011 U.S. Dist. LEXIS 107809, at *5-6 (E.D. Tenn. Sept. 23, 2011) (noting that "although plaintiff's response to the motion to dismiss includes allegations that address [an issue raised in plaintiff's motion to dismiss], the response is outside the pleadings and the facts stated therein should not be considered when ruling on the Rule 12(b)(6) motion."); *Burgess-Walls v. Brown*, 2011 U.S. Dist. LEXIS 94087, at *25-26 (E.D. Pa. Aug. 22, 2011) (refusing to consider, on a rule 12(b)(6) motion to dismiss plaintiff's complaint, allegations only found in plaintiff's response to defendant's motion to dismiss). Accordingly, even if Plaintiff could somehow show that its post-judgment attorney's fees constituted a debt for willful and malicious injury, the absence of any allegation that the parties had an enforceable contract providing for the recovery of such fees irreparably undermines any claim of entitlement to those fees—let alone a claim that they are non-dischargeable.

Finally, attorney's fees incurred in successfully prosecuting a non-dischargeability suit may be recovered and found non-dischargeable along with the underlying debt, but only if the creditor has a contractual right to such attorney's fees. *Green v. Carle (In re Carle)*, 2010 Bankr. LEXIS 4869, at *20-21 (Bankr. W.D. Tex. Dec. 28, 2010) (citing *Luce v. First Equipment Leasing Corp. (In re Luce)*, 960 F.2d 1277, 1286 (5th Cir. 1992)). *See also Fauser v. Prop. Owners Ass'n (In re Fauser)*, 2011 Bankr. LEXIS 4063, at *18-19 (Bankr. S.D. Tex. Oct. 20, 2011) ("The Fifth Circuit has held that 'where a party has contracted to pay attorneys' fees for the collection of a nondischargeable debt, the fees also will not be discharged in bankruptcy.'") (quoting *Davidson v. Davidson (In re Davidson)*, 947 F.2d 1294, 1298 (5th Cir. 1991)); *Hanson v. Kelly (In re Kelly)*, 385 B.R. 877, 885 (Bankr. S.D. Tex. 2008) ("A creditor who prevails under 11 U.S.C. § 523 is entitled to recover its attorney's fees and have them held nondischargeable along with the debt if the prevailing creditor has a statutory or contractual right to recover attorney's fees."). Here, however, the fees at issue actually were not incurred in the course of prosecuting a successful non-dischargeability suit. They were incurred before this adversary proceeding was even filed. Additionally, as noted above, the Plaintiff's complaint contains no allegations that the parties ever entered into a contact providing for post-judgment attorney's fees.

In short, the court found no support in the case law or applicable statutes for the Plaintiff's claim that its post-judgment attorney's fees—incurred in an effort to collect a potentially non-dischargeable state court judgment—may be deemed non-dischargeable. "Factual allegations must be enough to raise a right to relief above the speculative level," and must do more than simply create a "suspicion of a legally cognizable right of action." *Bell*

5

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, 'this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Id*. at 558. Accordingly, the court will grant Defendant's Motion to Dismiss Claims for Post-Judgment Attorney's Fees.

# # #